# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

JOHN W. PUGH,

        Petitioner,  :  Case No. 3:14-cv-254

- vs -      District Judge Thomas M. Rose
    Magistrate Judge Michael R. Merz

ERNIE MOORE, Warden, Lebanon
  Correctional Institution,

        :

        Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner John W. Pugh brought this habeas corpus action *pro se* pursuant to 28 U.S.C. § 2254 to obtain relief from his conviction and sentence in the Montgomery County Common Pleas Court on three counts of aggravated robbery with firearm specifications (Petition, Doc. No. 1, PageID 14, ¶¶ 1, 5).  The case is before the Court for initial review pursuant to Rule 4 of the Rules Governing § 2254 Cases which provides in pertinent part:  "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

Pugh pleads two grounds for relief:

> **Ground One:**  Where the trial Court denied Petitioner's Suppression Motion Petitioner's [sic] maintain that the police entered the house without a Warrant and without Petitioner's consent.  Although Selmon gave consent she was not authorized to consent on Petitioner's behalf.

1

>      **Ground Two:** The trial court denied of Petitioner's convictions against the manifest weight of the evidence violates Petitioner's Constitutional rights.

(Petition, Doc. No. 1, PageID 19-20.)


Ground One:  Evidence Seized in Violation of the Fourth Amendment

In his First Ground for Relief, Pugh asserts that he was convicted in part on evidence illegally seized from his residence without his consent.

Federal habeas corpus relief is not available to state prisoners who allege they were convicted on illegally seized evidence if they were given a full and fair opportunity to litigate that question in the state courts. *Stone v. Powell,* 428 U.S. 465 (1976). *Stone* requires the district court to determine whether state procedure in the abstract provides full and fair opportunity to litigate, and Ohio procedure does.  The district court must also decide if a Petitioner's presentation of claim was frustrated because of a failure of the state mechanism. Habeas relief is allowed if an unanticipated and unforeseeable application of procedural rule prevents state court consideration of merits.  *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982).  The *Riley* court, in discussing the concept of a "full and fair opportunity," held:

> The mechanism provided by the State of Ohio for resolution of Fourth Amendment claims is, in the abstract, clearly adequate. Ohio R. Crim. P. 12 provides an adequate opportunity to raise Fourth Amendment claims in the context of a pretrial motion to suppress, as is evident in the petitioner's use of that procedure. Further, a criminal defendant, who has unsuccessfully sought to suppress evidence, may take a direct appeal of that order, as of right, by filing a notice of appeal. See Ohio R. App. P. 3(A) and Ohio R. App. P. 5(A). These rules provide an adequate procedural mechanism for the litigation of Fourth Amendment claims because the state affords a litigant an opportunity to raise his claims in a fact-finding hearing and on direct appeal of an unfavorable decision.

2

*Id*. at 526.  In this case the opinion of the court of appeals confirms that Pugh had a full and fair opportunity to litigate this claim.  *State v. Pugh*, 2013-Ohio-1238, 2013 Ohio App. LEXIS 1126 (2nd Dist. Mar. 29, 2013).  He was represented by counsel who filed a motion to suppress on which the trial court heard evidence before reaching a decision.  After conviction he was able to litigate that question further before the Second District Court of Appeals which considered the evidence presented and rendered a reasoned decision.

Because Pugh had a full and fair opportunity to litigate his Fourth Amendment claims in the Ohio courts, this Court should dismiss his First Ground for Relief with prejudice.

**Ground Two:  Manifest Weight of the Evidence**

In his Second Ground for Relief, Pugh asserts his convictions are against the manifest weight of the evidence.  He raised this claim on direct appeal and the Second District decided it as follows:

> **[*P13]** In his second assignment of error, Pugh contends his convictions are against the manifest weight of the evidence. This assertion, however, is premised on the State's evidence being subject to suppression. Pugh's entire argument is as follows:
>
>> In the present case, Appellant's right to be free from illegal searches and seizures was violated by the police entering the residence, where Appellant had an expectation of privacy, without permission and allegedly seiz[ing] evidence linking Appellant to the robberies.
>>
>> Therefore, Appellant's conviction should be overturned accordingly as being against the manifest weight of the evidence.
>
> (Appellant's brief at 7).
>
> **[*P14]** Because the trial court properly overruled Pugh's

3

> suppression motion, his manifest-weight argument lacks merit. The second assignment of error is overruled.

*State v. Pugh, supra.*

When a state court decides on the merits a federal constitutional claim later presented to a federal habeas court, the federal court must defer to the state court decision unless that decision is contrary to or an objectively unreasonable application of clearly established precedent of the United States Supreme Court.  28 U.S.C. § 2254(d)(1); *Harrington v. Richter*, 562 U.S. ___, 131 S. Ct. 770, 785 (2011); *Brown v. Payton,* 544 U.S. 133, 140 (2005); *Bell v. Cone*, 535 U.S. 685, 693-94 (2002); *Williams (Terry) v. Taylor,* 529 U.S. 362, 379 (2000).  A state court finding that the verdict is not against the manifest weight of the evidence  implicitly also holds that there is sufficient evidence. *Nash v. Eberlin,* 258 Fed. Appx. 761, 2007 U.S. App. LEXIS 29645 (6th Cir. Dec. 14, 2007); *Ross v. Miller*, 2011 U.S. Dist. LEXIS 65082 (N.D. Ohio May 10, 2011)(White, M.J.); *Hughes v. Warden,* 2011 U.S. Dist. LEXIS 54131 (S.D. Ohio Apr. 27, 2011)(Merz, M.J.).

The relevant Supreme Court precedent is *Jackson v. Virginia*, 443 U.S. 307 (1979), which holds:

> [T]he relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt . . . .  This familiar standard gives full play to the responsibility of the trier of fact fairly to resolve conflicts in the testimony, to weigh the evidence and to draw reasonable inferences from basic facts to ultimate facts.

*Id.* at 317.  The court of appeals opinion shows that there was certainly sufficient evidence on which to convict:  the black jacket with distinctive white stitching which a surveillance video showed one of the robbers wearing during two of the robberies was found inside the house to which Pugh was chased after the third robbery.  *State v. Pugh, supra*, ¶¶ 3-4.  As Judge Hall noted for the court of appeals, Pugh's manifest weight argument depended on suppression of the

jacket, which did not happen. Plainly, there was sufficient evidence on which to convict. Therefore the Second District's decision is not an objectively unreasonable application of *Jackson v. Virginia*, *supra,* and the Second Ground for Relief should be dismissed with prejudice.

**Conclusion**

Based on the foregoing analysis, it is respectfully recommended that the Petition herein be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous.



Aug 4 2014 1:00 PM

X Michael R. Merz

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in

accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).